UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. BENSON,<br><br>    Plaintiff,<br><br>    v.<br><br>PHILIP A. RAFFERTY, et al.,<br><br>    Defendants. | NO. SACV 12-107-DDP (AGR)<br><br>**ORDER TO SHOW CAUSE** |

       On January 24, 2012, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons discussed below, it appears Plaintiff has failed to state a claim.

       The court, therefore, orders Plaintiff to show cause, on or before **February 28, 2012**, why this court should not recommend dismissal of this action with prejudice based on failure to state a claim. *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) ("A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim . . ..").

**I.**

**ALLEGATIONS IN COMPLAINT**

Plaintiff lists six defendants in the caption: (1) Ross Berton, a private individual who falsely held himself out to be an attorney; (2) Philip A. Rafferty, an attorney who worked with Berton; (3) Mike T. Doudna, a retained attorney who represented Plaintiff at a sentencing hearing; (4) Lloyd Freeberg, an attorney retained to represent Plaintiff; (5) John Feiner, an attorney retained to represent Plaintiff; and (6) Susan Ferguson, an attorney retained to represent Plaintiff. (Complaint at 1, 4-7.)

The gravamen of Plaintiff's complaint is he hired various individuals to represent him against one or more DUI charges and that the six individuals, five of whom were attorneys, were incompetent. Plaintiff paid them a great deal of money, but he was nonetheless convicted, after encountering various problems along the way.

Plaintiff's claims are apparently a mixture of § 1983 and state law claims. (*See, e.g.,* Complaint at 1.) Plaintiff seeks $825,000 in damages. (*Id.*, Request for Relief.)[1]

**II.**

**DISCUSSION**

**A.   Legal Standard**

"Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A person may also be liable if the actor "set[s] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

---

[1] Plaintiff failed to sign the complaint, and the exhibits listed and referenced in the complaint were not attached.

2

A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (citations omitted).

In reviewing a complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("labels and conclusions" or "formulaic recitation of the elements of a cause of action" are insufficient). A "naked assertion" without factual enhancement is insufficient. *Id.* at 557. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint is subject to dismissal. *Iqbal*, 129 S. Ct. at 1950.

**B.     Analysis**

Plaintiff's complaint fails for at least two reasons. First, his § 1983 claims are all against private actors. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) ("Action by a private party . . .,

without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.'"); *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008) ("the state's failure to protect an individual from 'harms inflicted by persons not acting under color of law' will not ordinarily give rise to § 1983 liability"). Nor does Plaintiff allege any facts showing that private actors acted under color of state law under any theory. *See Price v. Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991) (dismissing complaint).

Second, his claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477, 487, S. Ct. 2364, 129 L. Ed. 2d 383 (1994) because a judgment in Plaintiff's favor would necessarily imply the invalidity of his DUI conviction, and he cannot show that his conviction has already been vacated or that another exception to the *Heck* bar applies. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006).[2]

## III.
## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **February 28, 2012**, Plaintiff shall show cause, if there be any, why this court should not recommend dismissal with prejudice based on failure to state a claim.

**If Plaintiff fails to timely respond to this order to show cause, the court will recommend that the complaint be dismissed with prejudice based on failure to state a claim.**

DATED: January 27, 2012    _____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[2] If the § 1983 claims fail, this court would "decline to exercise supplemental jurisdiction over [the remaining] related state-law claims." *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

4